UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE LEE DRONES,<br><br>                 Plaintiff,<br><br>-against-<br><br>HARRIS PUBLICATION, INC.,<br><br>                 Defendant. | 1:19-CV-8257 (CM)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a prisoner at the Robertson Correctional Institution in Abilene, Texas, filed this action *pro se* and seeks *in forma pauperis* (IFP) status. Plaintiff is barred, however, under the "three-strikes" provision of the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner. For the reasons discussed below, the Court dismisses this action without prejudice, but grants Plaintiff leave to either pay the $400.00 in fees to bring this action or to show cause why he is not barred under the PLRA's three-strikes provision from proceeding with this action IFP.

## DISCUSSION

"Congress adopted the [PLRA] with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The three-strikes provision was intended to "give district courts greater power to protect their dockets from meritless lawsuits." *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010). It is for this reason that courts are entitled to raise any three-strikes issue on their own motion. *Id.* (citing *Thompson v. DEA*, 492 F.3d 428, 435-36 (D.C. Cir. 2007); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)); *see Thompson*, 492 F.3d 435-36 ("[W]e hold that prisoners moving for IFP status need not produce evidence showing the grounds for prior dismissals. Such evidence must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself. That said, we agree . . . that once such evidence has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes."); *Andrews*, 398 F.3d at 1120 ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.")

In determining whether previous dismissals count as strikes, the Court does not "have an affirmative obligation to examine actual orders of dismissal." *Harris*, 607 F.2d at 23 (citing *Thompson*, 492 F.3d at 434-35; *Andrews*, 398 F.3d at 1120), but may instead "rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted," *id.* at 23-24.

District courts in Texas have held that Plaintiff is barred under § 1915(g) from proceeding IFP while a prisoner. *See, e.g., Drones v. Medical Doctors*, No. 07-CV-087 (N.D. Tex. May 10, 2007); *Drones v. Officers*, No. H-19-124 (S.D. Tex. Jan 17, 2019).[1]

---

[1] According to the Public Access to Court Electronic Records (PACER) system, Plaintiff

In this Circuit, a *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands); *cf. Harris*, 607 F.3d at 24 (noting that the plaintiff had a full opportunity to demonstrate to the district court that previous dismissals were not strikes, and, if he was not satisfied with the district court's resolution, to appeal the issue).

In an abundance of caution, the Court will ensure that the dismissals on which the Texas courts have relied are actually strikes. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (where the district court relied on a previous order that concluded that the plaintiff had already accrued five strikes, reversing and remanding after determining, based on the language of the dismissal orders themselves, that three of the dismissals should not have been counted as strikes).

Based on its review, the Court has determined that Plaintiff earned at least three strikes before filing the present action. Those strikes include:

---

has filed at least 49 civil actions; that number does not include multiple appeals and *habeas corpus* petitions. The United States District Court for the Northern District of Texas has imposed monetary sanctions on Plaintiff for being a "a recreational and vexatious litigant." *See Drones v. Medical Security Officials*, No. 18-CV-066 (N.D. Tex. May 31, 2018) (listing seven cases in which Plaintiff was fined $25, and noting that "this is not an exhaustive list of the sanctions and dismissals received by Plaintiff, but it is merely a small representation of his lengthy history of vexatious, abusive and harassing litigation.").

(1) *Drones v. Pipkin*, No. H-00-0034 (S.D. Tex. Feb. 6, 2001) (dismissing complaint *sua sponte* as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B);

(2) *Drones v. Cockrell*, No. H-01-2691 (S.D. Tex. Dec. 27, 2001) (dismissing complaint *sua sponte* for failure to state a claim);

(3) *Drones v. State Classification Committee*, No. H-01-2741 (S.D. Tex. Jan. 31, 2002) (same);

(4) *Drones v. Raging*, No. H-01-3492 (S.D. Tex. Apr. 9, 2002) (same).

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless he satisfies the exception to the PLRA's three-strikes provision.

Plaintiff's complaint does not allege sufficient facts to satisfy the exception to the PLRA's three-strikes provision, because there is no suggestion that Plaintiff was under imminent danger of serious physical injury at the time that he filed his complaint.[2] In his complaint, which is not a model of clarity, Plaintiff seeks to enforce a money judgment "set out" in an order and judgment by "the supreme court," to be paid "to all creditors for benefits funds property segment investment." ECF 1:19-CV-8247, 2.

Because Plaintiff does not allege that he was under imminent danger of serious physical injury at the time that he filed his complaint, he is barred, under the PLRA's three-strikes provision, from proceeding with this action IFP. The Court therefore denies Plaintiff's IFP application and dismisses this action without prejudice under the PLRA's three-strikes provision.

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

The Court grants Plaintiff leave to either pay the $400.00 in fees to bring this action, or show cause why he is not barred, under the PLRA's three-strikes provision, from proceeding with this action IFP.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's IFP application and dismisses this action without prejudice. The Court grants Plaintiff thirty days from the date of this order to either pay the $400.00 in fees to bring this action or to show cause why he is not barred, under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), from proceeding with this action IFP. A declaration form is attached for Plaintiff's convenience.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 19, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |