UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE LEE DRONES, <br><br> Plaintiff, <br><br> -against- <br><br> HARRIS PUBLICATION, INC., <br><br> Defendant. | 19-CV-8257 (CM) <br><br> BAR ORDER UNDER <br> 28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On December 19, 2019, the Court noted that while a prisoner, Plaintiff had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and it ordered Plaintiff to show cause by affirmation within thirty days why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner. Plaintiff filed an affirmation on January 15, 2020, but the affirmation does not provide sufficient reason not to impose the above bar order.

## CONCLUSION

While Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future actions IFP in this Court while a prisoner unless he is under imminent threat of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 17, 2020
           New York, New York

                                                  COLLEEN McMAHON
                                                  Chief United States District Judge

---

[1] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).